IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL CASE NO.: 1:23-CR-80-SA

ANTRELL DEMONS HOLBROOK  DEFENDANT

ORDER DENYING BOND

Now before the Court is the Defendant, Antrell Demons Holbrook's, Motion for Bond [35]. Holbrook's Motion [35] indicates that he "desires to be released on bond for two reasons. First, so that he can spend some time with his daughter before beginning any sentence of incarceration that this Court might impose. Second, so that he can assist the child's maternal grandmother in gaining temporary legal custody of the child. This is necessary so that the child can have a legal care giver should Mr. Holbrook be incarcerated." [35] at p. 1-2. The Government opposes the requested relief.

By way of background, Holbrook was charged in a two-count Indictment [1] filed on June 21, 2023. Holbrook was arrested on July 14, 2023. A detention hearing was held on July 19, 2023, at which time Magistrate Judge Virden found that Holbrook failed to rebut the presumption of detention and therefore ordered that he be detained. *See* [13]. He has in fact been detained since that time. On December 5, 2023, Holbrook pled guilty to Count One, which charged him with distribution of "an amount in excess of fifty (50) grams of a mixture and substance containing methamphetamine[.]" [1] at p. 1. Holbrook's sentencing is currently scheduled for March 5, 2024.

With respect to the release or detention of a defendant pending sentencing, the Bail Reform Act provides, in relevant part, as follows:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or

> (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless --
>
>> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>
>> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>>
>> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

The presumption applies in this case because the offense to which Holbrook pled guilty is "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[.]" 18 U.S.C. § 3142(f)(1)(C).

At this time, the Government has not recommended that no sentence of imprisonment be imposed. Further, there is no pending motion for acquittal or new trial—Holbrook pled guilty. Additionally, the Court notes that the Magistrate Judge has already concluded that Holbrook should be detained pursuant to the Bail Reform Act. The Court does not find that the issues asserted in Holbrook's Motion [35] warrant a reconsideration of that finding, particularly considering that he has now pled guilty to a serious drug crime. The Motion [35] is DENIED.

SO ORDERED, this the 5th day of January, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE